**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KEITH FAVARO and CHERIE FAVARO

VERSUS

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY

CIVIL ACTION

17-1711-SDD-RLB

**RULING**

This matter is before the Court on the *Motion to Dismiss Plaintiffs' Claims for Attorneys' Fees, Costs, Expenses and Interest* filed by Defendant, Wright National Flood Insurance Company ("Defendant").[1] Plaintiffs, Keith and Cherie Favaro ("Plaintiffs") have filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3]

This suit arises out of alleged property damage sustained by Plaintiffs following the Louisiana "Great Flood" of August 2016. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program ("NFIP") governed by the National Flood Insurance Act ("NFIA").[4] Plaintiff filed suit against Defendant claiming that Defendant breached the Standard Flood Insurance Policy ("SFIP") issued by Defendant to Plaintiffs for their property located in French Settlement, Louisiana by failing to pay the amounts Plaintiffs claim are due under the Policy.[5] In addition to the damages sought

---

[1] Rec. Doc. No. 10.
[2] Rec. Doc. No. 11.
[3] Rec. Doc. No. 16.
[4] 42 U.S.C. § 4001, *et seq*.
[5] Rec. Doc. No. 1, ¶¶ 1, 11, 21.
46855

for the alleged breach of contract, Plaintiffs also seek an award of attorneys' fees, costs, expenses and interest.[6] Defendant has moved to dismiss all claims for damages other than those sought for the alleged breach of the SFIP. Defendant contends the NFIA controls breach of contract claims involving SFIPs, and the law is well settled that state law claims brought pursuant to a SFIP are preempted by federal law.

Plaintiffs oppose this motion, maintain that Defendant is required to comply with the Louisiana Insurance Code, and contend there is no exemption for companies participating in the National Flood Insurance Program ("NFIP"). Specifically, Plaintiffs contend the penalties and fees provided for under Louisiana Revised Statutes 22:1892 and 22:1973 apply to any company that issues a SFIP in Louisiana. In reply, Defendant directs the Court to several cases wherein courts held the contrary.[7]

Louisiana Revised Statute 22:1892 provides generally that insurers shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss, and that all insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proof of loss for the claim.[8] The statute further provides that a failure to make such a payment or make a written offer to settle any property damage claim, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty.[9] Louisiana Revised Statute 22:1973 imposes a duty of good faith and fair dealing on insurers and provides that an

---

[6] *Id.* at 4.
[7] Rec. Doc. No. 16 at 2.
[8] La. R.S. 22:1892(A)(1), (A)(4).
[9] La. R.S. 22:1892(B)(1).
46855

insured may recover any damages that he sustains as a result of his insurer's breach of the duty.[10]  The statute specifies that an insurer's knowing failure "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause," constitutes a breach of the insurer's statutory duty.[11]  The insured may recover any general or special damages sustained as a result of the breach as well as penalties.[12]

The Court finds that Plaintiffs' state law claims are preempted by federal law.  The same arguments made by Plaintiffs herein were made and rejected by the District Court for the Eastern District of Louisiana in *Berger v. National Flood Insurance Program*.[13]  The plaintiffs in *Berger* filed suit after their property in Port Sulphur, Louisiana sustained damaged as a result of Tropical Storm Lee.[14]  The plaintiffs alleged that the NFIP breached the insurance contract but also alleged that the NFIP failed to provide payment under the policy "in a manner that was arbitrary, capricious, and without probable cause" in violation of Louisiana Revised Statutes 22:1892 and 22:1973.[15]  In addition to damages for breach of contract, the plaintiffs sought attorney's fees, costs, and "all other general and equitable relief."[16]  The defendant moved to dismiss the plaintiff's state law claims,

---

[10] La. R.S. 22:1973(A).
[11] La. R.S. 22:1973(B)(5).
[12] La. R.S. 22:1973(C).
[13] No. 12-2158, 2013 WL 499310 (E.D. La. Feb. 7, 2013).
[14] *Id.* at *1.
[15] *Id.*
[16] *Id.*
46855

arguing that they are expressly preempted by federal law.[17]

The *Berger* court held that the plaintiff's claims under La. R.S. 22:1892 and 22:1973 were "clearly related to FEMA's handling of Plaintiff's property damage claim under his SFIP."[18] Based on the court's "review of the Fifth Circuit authorities bearing on the issue," the court held that the plaintiff's state law claims are preempted.[19] The court relied heavily on the Fifth Circuit's decisions in *Gallup v. Omaha Property and Casualty Insurance Co.*[20] and *Wright v. Allstate Insurance Co.*[21] and explained as follows:

> In *Gallup*, the Fifth Circuit reiterated it's earlier holding in *Wright v. Allstate Insurance Co.*, that "state law tort claims arising from claims handling by a WYO are preempted by the National Flood Insurance Act." 434 F.3d at 345. Thus, Plaintiff's state law claims are like the *Gallup* plaintiff's state law claims for bad faith breach of contract under Louisiana Civil Code Article 1997 and bad faith adjustment under Louisiana Revised Statute 22:1220 in that they clearly arose from claims handling. The only difference between *Gallup* and this case is that Plaintiff's claims arose from FEMA's claims handling activities rather than those of a Write Your Own ("WYO") insurer. Nevertheless, the Court finds that the difference is immaterial and that *Wright* and *Gallup* should logically extend to state law claims against FEMA arising out of FEMA's claims handling, considering that such claims implicate public funds even more directly than state law tort claims arising from claims handling by a WYO. Accordingly, the Court finds that Plaintiff's state law claims arising out of FEMA's handling of his claim under his SFIP are pre-empted by the National Flood Insurance Act.[22]

Also similar to the present case is *Howell-Douglas v. Fidelity National Indemnity Insurance Company*[23] wherein, following Hurricane Isaac, the plaintiffs sued their insurer

---

[17] *Id.* at *2.
[18] *Id.* at *5.
[19] *Id.*
[20] 434 F.3d 341 (5th Cir. 2005).
[21] 415 F.3d 384 (5th Cir. 2005).
[22] *Berger*, 2013 WL 499310 at *5.
[23] 24 F.Supp.3d 579 (E.D. La. 2014).
46855

for alleged flood damage to their property in LaPlace, Louisiana, which was insured under a SFIP provided through the NFIP. In addition to claiming breach of contract, the plaintiffs also brought extra-contractual claims for breach of the duty of good faith and fair dealing, negligence, and negligent misrepresentations. Further, the plaintiffs sought penalties, costs and attorney's fees under state law for the alleged breach of contract. The *Howell-Douglas* court dismissed any state law and extra-contractual claims finding that "[t]hese regulations expressly preempt state law tort claims arising from claims handled by a WYO,"[24] and that "[t]his includes claims for statutory penalties under Louisiana law."[25] The court continued:

> Furthermore, the Fifth Circuit has held that the NFIA does not explicitly or implicitly authorize extra-contractual claims against WYO insurers based on federal common law. *See Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir.2007) ["*Wright II*"]. In other words, insureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract. *See* 42 U.S.C. § 4072 (authorizing such suits); *Wright II*, 500 F.3d at 398 (holding that policyholders cannot file extra-contractual claims against WYO insurers because such claims were not explicitly or implicitly authorized by Congress). Here, plaintiff's lawsuit is based solely on her claim under the standard policy issued by Fidelity National, which is a WYO insurer under the NFIP. *Gallup*, *Wright I*, and *Wright II* thus expressly prohibit any state law claims or extra-contractual claims based on federal common law in this context.[26]

Turning to the present case, applying the law to Plaintiffs' allegations, the Court is compelled to reach the same conclusion as in *Berger* and *Howell-Douglas*. Considering the foregoing jurisprudence, and relying on well-settled, binding Fifth Circuit

---

[24] *Id.* at 583 (citing *Gallup*, 434 F.3d at 344–45; *see also Wright I,* 415 F.3d at 390.
[25] *Id.* (citing *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978); *Bryars v. Imperial Fire & Cas. Ins. Co.*, Civ. A. No. 11–72, 2011 WL 5402930, at *5 n. 9 (E.D. La. Nov. 8, 2011)).
[26] *Id.*
46855

jurisprudence, the Court finds that Plaintiffs' state law claims are preempted by federal law. Accordingly, Defendant's *Motion to Dismiss Plaintiffs' Claims for Attorneys' Fees, Costs, Expenses and Interest*[27] is GRANTED, and any claims for damages, penalties, costs, expenses, interest, and attorney's fees pursuant to state law are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 12, 2018</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. No. 10.
46855