UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH FAVARO, ET AL.                                    CIVIL ACTION

VERSUS

                                                               NO. 17-1711-SDD-RLB

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY

**ORDER**

Before the Court is Plaintiffs' Motion to Strike Expert Witness and Expert Witness Report of Chad Poche. (R. Doc. 34). The motion is opposed. (R. Doc. 38). Plaintiff filed a reply. (R. Doc. 41).

Also before the Court is Defendant's Motion for Extension of Time Extend Identification Deadline and allow Disclosure of Expert Witness Chad Poche, P.E. (R. Doc. 37).[1] The motion is opposed. (R. Doc. 42). Defendant filed a reply. (R. Doc. 46).

**I.     Background**

This is a flood insurance coverage action in which Keith Favaro and Cherie Favaro (collectively, "Plaintiffs") seek recovery from Wright National Flood Insurance Company ("Defendant") for property damage incurred as a result of the August 2016 flood affecting the Baton Rouge area. (R. Doc. 1). While not detailed in the pleadings, the parties' primary dispute concerns whether and to what extent the foundation of Plaintiffs' property was damaged as a result of an overload of silt deposits from the Amite River during the flood. (*See* R. Doc. 27).

On July 8, 2019, the Court issued a Scheduling Order setting various deadlines, including the deadline for Plaintiffs to identify experts on January 17, 2020, the deadline for Defendant to

---

[1] The substance of this motion is largely identical to Defendant's Opposition to Plaintiffs' Motion to Strike Expert Witness and Expert Witness Report of Chad Poche. (*See* R. Doc. 38).

identify experts on February 17, 2020, the deadline for Plaintiffs to provide expert reports on March 16, 2020, the deadline for Defendant to provide expert reports on April 15, 2020, the deadline to complete expert discovery by July 1, 2020, and the deadline to file dispositive motions and Daubert motions on August 14, 2020. (R. Doc. 29). Trial is set to commence on April 12, 2021. (R. Doc. 30).

There is no dispute that on January 17, 2020, Plaintiffs timely identified three expert witnesses: Mike Stein, a structural engineer; Jesse Arnold, a geotechnical engineer; and Michael Lavespere, a Senior Technician employed by Mr. Arnold. (R. Doc. 34-4). Similarly, there is no dispute that on February 17, 2020, Defendant timely identified four expert witnesses: John Crawford, a professional engineer; James Crawford, a professional engineer; Raymond Gonzales, a contractor and licensed adjuster; and John Garner, a professional engineer. (R. Doc. 34-5). None of the foregoing experts identified by Defendant is a geotechnical engineer.

On March 13, 2020, the Court granted Defendant a 30-day extension of its expert report deadline. (R. Doc. 31). Defendant did not seek the opportunity to identify any additional experts. The parties then filed a joint motion seeking extensions of their expert report deadlines in light of the COVID-19 pandemic. (R. Doc. 32). The Court granted the motion, and reset Plaintiffs' expert report deadline to June 15, 2020, Defendant's expert report deadline to July 14, 2020, the expert discovery deadline to August 31, 2020, and the deadline to file dispositive motions and Daubert motions to October 13, 2020. (R. Doc. 33). The Court did not reopen the expired deadlines to identify experts.

Prior to the commencement of this lawsuit, Plaintiffs provided certain reports in support of their flood insurance claims: a February 4, 2017 report prepared by Mr. Stein (R. Doc. 37-2), and a May 7, 2017 report prepared by Mr. Arnold (R. Doc. 37-3). On June 15, 2020, Plaintiffs'

deadline to provide expert reports, Mr. Stein provided a "supplemental" expert report (R. Doc. 37-5) and Mr. Arnold provided a report entirely superseding his earlier report (R. Doc. 37-6).

On July 14, 2020, Defendant produced an expert report by Chad Poche, a geotechnical engineer. (R. Doc. 37-1 at 1). Defendant did not identify Mr. Poche as an expert on February 17, 2020.

Plaintiffs are now seeking to strike Mr. Poche as an expert on the basis that he was not timely disclosed by the February 17, 2020 deadline despite Plaintiffs' ongoing assertion since prior to the commencement of this litigation that they are seeking costs for repair to damaged pile supports. (R. Doc. 34). Plaintiffs assert that Defendant should have known it would need expert testimony by a geotechnical engineer because Mr. Arnold's May 7, 2017 report states that the "pile support at the right rear corner of the house has been compromised." (R. Doc. 34-1 at 4).

Defendant seeks an order that would effectively find its identification of Mr. Poche as an expert on the expert report deadline to be timely. (R. Docs. 37, 38). Defendant asserts that the change in the focus of Plaintiffs' experts' pre-litigation opinions in their expert reports in this litigation prompted it to retain its own geotechnical engineer to evaluate those opinions. (R Doc. 37-1 at 3-8, 13-14).

**II.    Law and Analysis**

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires disclosure of the identities of all expert witnesses within a timeframe ordered by the court. There is no dispute that Defendant failed to identify Mr. Poche as an expert by Defendant's February 17, 2020 deadline to identify experts, but provided an expert report by Mr. Poche on Defendant's July 14, 2020 expert report deadline.

The sole issue is whether the Court should strike Mr. Poche's expert report on the basis that Mr. Poche was not timely identified as an expert or, alternatively, extend Defendant's deadline to identify experts for the purpose of finding Mr. Poche timely identified as an expert. Having considered the arguments of the parties, the Court finds the latter result to be appropriate.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The court consider four factors in determining whether to allow a party to disclose an expert beyond the deadline set in the Court's scheduling order: "(1) the explanation for the failure to [disclose the expert] on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)).

The first factor weighs in favor of Defendant. While Defendant had the opportunity to retain an expert in the field of geotechnical engineering in light of Plaintiffs' own identification of experts and pre-litigation reports, the Court finds Defendant's explanation for retaining a geotechnical engineer after receiving Plaintiffs' expert reports in this litigation to be reasonable. Plaintiffs focus their arguments on the fact that Mr. Arnold, Plaintiffs' geotechnical engineer, submitted a pre-litigation report in the context of seeking coverage. Mr. Arnold provided a report on June 15, 2020 stating that the report "replaces" his pre-litigation report. (R. Doc. 37-6 at 1). To be clear, Plaintiffs' pre-litigation reports were not submitted in the context of this

litigation or Rule 26(a)(2) of the Federal Rules of Civil Procedure. Furthermore, it is unclear how Defendant's decision to change and/or drop certain experts prior to the deadline to identify experts is of any relevance as to whether Defendant should be allowed to identify Mr. Poche as an expert. Defendant could have identified Dr. Poche as a rebuttal expert within 30 days after receiving Mr. Arnold's report. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). While the parties dispute the extent to which the Plaintiffs' experts' opinions have changed between their pre-litigation and litigation reports, the Court finds it reasonable that Defendant determined a geotechnical expert was necessary in this litigation in light of Plaintiffs' own Rule 26 reports.

The second factor weighs in favor of Defendant. This is a flood insurance coverage action, and it is clearly important to Defendant to present expert testimony in defense of Plaintiffs' claims for damages. On this point, Plaintiffs' arguments, which underscore their pre-litigation decision to provide a report by a geotechnical engineer, are unconvincing.

The third and fourth factors also weigh in favor of Defendant. The potential prejudice to Plaintiffs, if any, is minimal. Indeed, it is unclear how or why any of Plaintiffs' own experts' reports would have differed had Dr. Poche been identified as an expert on February 17, 2020. This is not a situation where a defendant is seeking to untimely identify an expert in a field for which the plaintiff did not have an opportunity to identify an expert. Plaintiff retained a geotechnical engineer and provided an expert report from a geotechnical engineer. There is no unfair advantage to Defendant should it be allowed to now identify a geotechnical engineer as an expert. While Plaintiffs may choose to incur costs associated with rebutting Dr. Poche's testimony and will have to depose Dr. Poche, such litigation costs would have existed regardless of whether Defendant disclosed Dr. Poche by the February 17, 2020 deadline.

Finally, Defendant is not seeking an extension of the expert report deadline. Given that trial is not set to commence until April 12, 2021, there is sufficient time to extend the expert

discovery deadline to allow for any necessary rebuttal reports and for the scheduling of any additional expert depositions. The trial date need not be continued in light of the late identification of Dr. Poche.

For the foregoing reasons, the Court finds good cause for reopening Defendant's deadline to disclose experts for the sole purpose of identifying Dr. Poche as an expert pursuant to Rule 26(a)(2). The court also finds good cause for extending the expert discovery deadline and Daubert motion and dispositive motion deadlines for the purpose of providing sufficient time to the parties to submit any rebuttal reports and to complete all expert depositions.

### III.    Conclusion

**IT IS ORDERED** that Plaintiffs' Motion to Strike Expert Witness and Expert Witness Report of Chad Poche (R. Doc. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time Extend Identification Deadline and allow Disclosure of Expert Witness Chad Poche, P.E. (R. Doc. 37) is **GRANTED**. The deadline for Defendant to identify experts is extended to **July 14, 2020** for the sole purpose of identifying Chad Poche as an expert in this litigation. In addition, the following deadlines are established:

1. Discovery from experts must be completed by **September 30, 2020**.

2. Deadline to file dispositive motions and Daubert motions: **November 13, 2020**.

All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on August 14, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**